UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT PRICE,

        Plaintiff,                                 Case No. 22-cv-10219

v.                                            HON. MARK A. GOLDSMITH

DEPARTMENT OF CORRECTIONS et al.

        Defendants.
_____/

**OPINION & ORDER
(1) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Dkt. 78), (2) DENYING PLAINTIFF'S MOTION TO AMEND/CORRECT
OBJECTIONS (Dkt. 80), AND (3) GRANTING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT (Dkt. 75)**

The matter before the Court is the Report and Recommendation (R&R) of Magistrate Judge Elizabeth A. Stafford, issued on October 21, 2024 (Dkt. 78). In the R&R, the magistrate judge recommends that Defendant Rachell Long's motion for summary judgment (Dkt. 75) be granted. Plaintiff Robert Price filed objections to the R&R (Dkt. 79) and Long filed a response to Price's objections (Dkt. 81). Price also filed a motion to amend/correct his objections (Dkt. 80), and Long filed a response in opposition to that motion (Dkt. 82). For the reasons that follow, the Court: (i) accepts the recommendation in the R&R, (ii) denies Price's motion to amend/correct his objections, and (iii) grants Long's motion for summary judgment.

**I. BACKGROUND**

The full background of this case is set out in the R&R. See R&R at 2–4. Price's claims arose from medical care he received while incarcerated at the Central Michigan Correctional Facility between May 2020 and September 2021. Id. at 2. Price's sole remaining claim at this

1

point in the case is against Long, one of the nurses who treated Price while he was at the facility. He asserts that Long was deliberately indifferent by failing to provide him adequate medical treatment for a shoulder injury, in violation of the Eighth Amendment.

Long filed a motion for summary judgment. See Mot. for Summ. J. The magistrate judge recommends granting the motion for summary judgment because Price failed to provide evidence demonstrating Long's treatment of his condition constituted deliberate indifference. R&R at 5–14. For the reasons that follow, the Court adopts the R&R and grants Long's motion for summary judgment.

## II. ANALYSIS

Price filed a motion to amend/correct his objections on November 18, 2024, thirteen days after he filed his initial objections. See Mot. to Amend (Dkt. 80). The Court first considers that motion. Because the Court denies the motion to amend, it next considers the merits of Price's initial objections.

### A. Motion to Amend/Correct the Objection

As an initial matter, Price's motion to amend/correct his objection was untimely. Parties may serve and file objections to a magistrate judge's R&R within 14 days of service. Fed. R. Civ. P. 72(b)(2); R&R at 14–15 (advising the parties that they have fourteen days from the date of service to file objections pursuant to Fed. R. Civ. P. 72(b)(2)). The R&R was served electronically on Price on October 21, 2024, meaning any objection was due on November 5, 2024.[1] Price filed his motion to amend on November 18, 2024, a full thirteen days late, and without adequate explanation for the late effort to augment his initial objections.

---

[1] At the time he filed his objections, Price was not incarcerated; therefore, the prisoner mailbox rule is not applicable.

2

Consideration of the substance of the motion also counsels toward denial. In his motion to amend his objections, Price simply reiterates his narrative regarding the medical treatment he received while at the facility. While he does attach new exhibits to this motion in an attempt to offer the kind of evidence to support his claims that the magistrate judge had found lacking, any such evidence should have been provided in Price's response to Long's motion for summary judgment back in October. An objection to an R&R is not the appropriate venue for introducing new evidence. See Coleman v. Dahlstrom, No. 2:05-cv-30, 2006 WL 644477, at *1 (W.D. Mich. Mar. 9, 2006) ("Objections to a report and recommendation on a motion for summary judgment must be based on the evidence available to the Magistrate Judge at the time he considered the motion. It is inappropriate to offer new evidence at the time objections are filed and to argue that the Magistrate Judge erred in his recommendation."). Submitting evidence after an initial objection is filed is doubly improper.

Further, Price states in his motion that the purpose of the attached documents is to demonstrate that "even when [he] requested for proper treatment from medical staff" at the facility, he did not receive proper treatment. Mot. to Amend at PageID.880. None of the attached evidence appears to be specific to Long. Particularly in light of the fact that, as the magistrate judge noted, see R&R at 7–8, Price has not offered evidence to rebut Long's evidence that she only treated him twice, the Court does not see how the evidence would affect the magistrate judge's findings or ultimate conclusion.

The Court accordingly denies Price's motion to amend/correct his objection.

B.   **Review of the Objection on the Merits**

As explained above, Price's initial objections were due November 5, 2024. He did not file his objections until November 6, 2024, one day late. Price did include with his objections a letter

3

explaining that he attempted to file them on November 5 and had difficulty doing so. Obj. at PageID.825. Regardless of their timeliness, the Court has considered Price's objections and finds them to be without merit.

The Court reviews de novo any portion of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Alspaugh v. McConnell, 643 F.3d 162, 166 (6th Cir. 2011) ("Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.") (punctuation modified).

In his first objection, Price objects to the Court's denial of his prior requests for appointed counsel. Obj. at PageID.827. These motions to appoint counsel were denied in prior orders issued by the Court, see 5/2/22 Op. & Order (Dkt. 12); 9/13/23 Op. & Order (Dkt. 21); 12/13/23 Order (Dkt. 30); 7/1/24 Order (Dkt. 68); they are not before the Court now. Additionally, indigent parties in civil cases have no constitutional right to a court-appointed attorney. Lavado v. Keohane, 992 F.2d 601, 604–605 (6th Cir. 1993). The Court denies this objection.

Price's second objection is that he was not given a proper opportunity to respond to Long's motion for summary judgment. Obj. at PageID.827 (citing R&R at 8–9). Price argues that he could have provided evidence, but says he was "waiting for the Judge's order to pursue a reply." Id. But when Price failed to respond to the motion, the magistrate judge issued a show cause order directing Price to "show cause in writing . . . why the case should not be dismissed for the reasons described in Long's motion or for failure to prosecute[.]" Show Cause Order at 1–2 (Dkt. 76). Price filed a response within the timeframe set by the show cause order. Resp. to Mot. for Summ. J. (Dkt. 77). This was his opportunity to respond to Long's motion and to include evidence in support of his position. The only evidence Price included with the response was an "AI Overview"

4

of his injuries and a print-out of an unidentified web page providing a description of neural foraminal stenosis. See id. at PageID.804–807. The Court sees no error in the magistrate judge's determination that Price failed to provide sufficient evidence in his response to Long's motion for summary judgment. This objection is denied.

It is unclear to the Court exactly what Price objects to in his third objection, but it appears to be related to the magistrate judge's finding on the objective component of a medical deliberate indifference claim—the serious medical need. See Obj. at PageID.827–829. The magistrate judge found that the record does raise a question of fact as to whether there was a serious medical need. See R&R at 6–7. Price does not explain why he would object to this finding, or how the magistrate judge reaching a different finding on the serious medical need question would affect her ultimate decision to grant Long's motion. This objection is denied.

Price's fourth objection is to the magistrate judge's conclusion that he failed to provide sufficient evidence to support his claim of deliberate indifference. See Obj. at PageID.829–830. But Price's argument does not contradict any of the reasoning in the R&R; rather, he summarizes his prior arguments as to how his allegations make up a claim for deliberate indifference.

The magistrate judge found that Price had not raised a question of fact regarding deliberate indifference. She cited case law from this district in stating that "cases involving similar shoulder injuries 'repeatedly have held that prescribing pain medication and physical therapy does not amount to deliberate indifference.'" R&R at 9 (quoting Smith v Corizon Health Corp., No. 18-10010, 2020 WL 6268449, at *6 (E.D. Mich. Oct 23, 2020) (collecting cases)). This is the treatment Price received when at the facility. The magistrate judge found Price's report that his orthopedist had recommended surgery to be unpersuasive, as "a difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount

5

to deliberate indifference to serious medical needs." R&R at 9–10 (quoting Worthy v. Mich. Dep't of Corr., No. 18-12451, 2020 WL 1818039, at *3 (E.D. Mich. Jan. 24, 2020), report and recommendation adopted, 2020 WL 881146 (E.D. Mich. Feb. 24, 2020)). Finally, the magistrate judge noted that, although Price eventually had surgery on his right shoulder, "no medical data shows that the surgery would have resulted in a better outcome than the conservative treatment." R&R at 10. "Without such verifying medical evidence," the magistrate judge explained, "[t]he Court cannot meaningfully evaluate the alternative treatments and would be left to impermissibly second-guess Long's medical judgments." Id. Price has not addressed this case law, nor has he explained how the magistrate judge's reasoning was in error. An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991). The Court denies this objection.

The Court is unclear as to what part of the R&R Price objects to in his fifth objection. He discusses a prior defendant in the case, who was dismissed earlier in this litigation, but does not specify how that relates to the current R&R. This objection is, therefore, denied.

### III. CONCLUSION

For the reasons stated above, the Court: (i) adopts the recommendation in the R&R, (ii) denies Price's motion to amend, and (iii) grants Long's motion for summary judgment. The case is closed.

SO ORDERED.

Dated: February 5, 2025  s/ Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
  United States District Judge